UNITED STATES DISTRICT COURT
NORTHERN DISTRICT FILED

HAROLD SHAMBURGER
PLAINTIFF

v.

SUE RISENHOOVER
DEFENDANT.

A 2 8 2008

E-filing

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CV 08    2189

42 USC SECTION 1983 CIVIL RIGHTS
COMPLAINT

DEMAND FOR JURY TRIAL

JSW 555

(PR)

JSW

## I. JURISDICTION

1. THIS ACTION IS BROUGHT PURSUANT TO 42 USC 1. 1983 AND 1985 TO REDRESS THE DEPRIVATIONS UNDER COLOR OR STATE LAW OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES. JURISDICTION IS BASED UPON 28 USC 1. 1331 AND 1343. THE COURT ALSO HAS PENDENT JURISDICTION OVER THE STATE CLAIMS PURSUANT TO 28 USC 1. 1367. PLAINTIFF SEEKS DECLARATORY RELIEF PURSUANT TO 28 USC 1. 2201 AND 2202. THE UNLAWFUL ACTS AND PRACTICES ALLEGED OCCURRED PRIMARILY WITH THIS JUDICIAL DISTRICT AND THE MAJORITY OF THE DEFENDANTS RESIDE WITHIN THIS DISTRICT 28 USC 1. 1391 (b). PLAINTIFF RESPECTFULLY REQUESTS A JURY TRIAL ON THESE ALLEGATIONS.

## II. PLAINTIFF

2. PLAINTIFF HAROLD SHAMBURGER IS AND AT ALL TIMES MENTIONED HEREIN A PRISONER OF THE STATE OF CALIFORNIA. PLAINTIFF IS CURRENTLY HOUSED AT PELICAN BAY STATE PRISON (PBSP) SECURITY HOUSING UNIT.

## III. DEFENDANT.

3. DEFENDANT SUE RISENHOOVER IS AND AT ALL TIMES MENTIONED HEREIN IS A HEALTH CARE WORKER FNP AT PELICAN BAY STATE PRISON.

## IV. INTRODUCTION OF FACTS

4. THIS ACTION ARISES FROM DEFENDANT'S VIOLATION OF PLAINTIFF'S 8TH AMENDMENT RIGHTS. WHEN SHE KNEW OF PLAINTIFF'S SERIOUS MEDICAL NEEDS AND CONSCIOUSLY DISREGARDED ANY EXCESSIVE RISK TO PLAINTIFF'S HEALTH AND SAFETY.

A.) HERE PLAINTIFF'S SERIOUS MEDICAL NEEDS WERE SUCH THAT EVEN A LAY PERSON WOULD DISCERN PROMPT MEDICAL ATTENTION BY A DOCTOR.

B.) FAILURE TO TREAT PLAINTIFF'S SERIOUS MEDICAL COULD RESULT IN FURTHER SIGNIFICANT INJURY OR UNNECESSARY AND WANTON INFLICTION OF PAIN.

C.) PLAINTIFF SERIOUS MEDICAL NEEDS WERE NEVER SEEN TO BY A DOCTOR.

D.) THIS CASE IS LEGALLY MORE COMPLICATED THAN A TYPICAL FAILURE TO TREAT CLAIM, BECAUSE IT REQUIRES AN ASSESSMENT OF THE ADEQUACY OF THE TREATMENT THAT PLAINTIFF DID RECEIVE, A QUESTION THAT WILL LIKELY REQUIRE EXPERT TESTIMONY AND A JURY TRIAL.

## V. FACTS

PERTAINING TO PLAINTIFF'S CLAIM OF DELIBERATE INDIFFERENCE TO HIS SERIOUS MEDICAL NEEDS

5. ON 3/15/06 PLAINTIFF WAS SEEN BY A DOCTOR [JENNIFER SWINEY] CONCERNING HIS SERIOUS BACK PAIN, LOSS OF FEELING IN HIS FEET AND LEGS AND BOUTS OF INCONTINANCE. DOCTOR SWINEY ORDER:
1. LUMBO-SACRAL SPINE FIRMS
2. TYLENOL FOR PAIN

C08-2189 JSW

3. FLU (FOLLOW UP) IN 30 DAYS

4. COMPREHENSIVE MET PROFILE URINALYSIS

6. ON 3/17/06 A RADIOLOGIST PHILIP GRIMM M.D.s X-RAYS REVEALED THAT PLAINTIFF FIVE VIEW LUMBAR SPINE WITH OBLIQUES, ILLUSTRATED MODERATE TO SEVERE DEGENERATIVE DISC DISEASE. THE MOST SEVERE CHANGES WERE AT PLAINTIFF'S L3-4 AND L4-5 ō A VACUUM DISC PHENOMENON AT PLAINTIFFS L4-5.

7. ON 7/10/06 PLAINTIFF INJURED HIS RIGHT KNEE AS THE RESULT OF A UNBEARABLE SHOOTING LB NERVE PAIN -- CAUSING PLAINTIFF TO COLLAPSE INJURING HIS RIGHT KNEE.

8. ON 8/26/06 DEFENDANT SUE RISENHOOVER A NURSE PRACTITIONER REFERRED PLAINTIFF TO A PHYSICAL THERAPIST. THE BASIS FOR THIS REFERRAL WAS DOCUMENTED AS : PT. W/ CHRONIC LBP % NUMBNESS/ TINGLING FROM RIGHT ANKLE TO RT. BUTTOCK. IS X-RAY 3/16/06 MODERATE TO SEVERE ARTHRITIC CHGES AT MULTIPLE LEVELS OF THE LS SPINE PLEASE SEE REPORT.

9. ON 1/9/07 AND 1/16/07 PLAINTIFF WAS SEEN BY PELICAN BAY'S PHYSICAL THERAPIST PATRICK DODGER. HIS ASSESSMENT OF PLAINTIFF'S LOWER BACK SITUATION IS AS FOLLOWS; CHRONIC LBP, DJD, DDD, POSSIBLE NERVE IMPINGEMENT, DIFFICULT TRANSFERRING TO TABLE; DIFFICULTY ō PERFORMING EVEN SIMPLY EXERCISES, DESCRIBES B+B URGES ō MOVEMENT. PT. MAY NEED FURTHER MEDICAL WORK UP.

10. DEFENDANT NURSE PRACTITIONER SUE RISENHOOVER KNEW OF PLAINTIFF'S SERIOUS MEDICAL NEEDS SEVERE BACK PAIN, LOSS OF FEELING IN HIS FEET AND LEGS, BOUTS OF INCONTINENCE. WHICH SERIOUSLY AFFECTED PLAINTIFF'S MOBILITY. A SERIOUS MEDICAL NEED THAT EVEN A LAY PERSON COULD DISCERN THAN WOULD REQUIRE PROMPT ATTENTION BY A DOCTOR. BETWEEN 4/06 UNTIL THE PRESENT DEFENDANT RISENHOOVER HAS NOT REFERRED PLAINTIFF TO BE SEEN BY A DOCTOR. THUS DISREGARDING ANY SUBSTANTIAL RISK OF SERIOUS HARM TO PLAINTIFF'S HEALTH AND SAFETY.

11. THE FACTS HERE VIEWED IN THE LIGHT MOST FAVORABLE TO THE PLAINTIFF CREATE A TRIABLE ISSUE, THE EXISTENCE OF AN INJURY THAT A REASONABLE DOCTOR OR PATIENT WOULD FIND IMPORTANT AND WORTHY OF COMMENT OR TREATMENT; THE PRESENCE OF A MEDICAL CONDITION THAT SIGNIFICANTLY AFFECTS AN INDIVIDUAL'S DAILY ACTIVITIES; OR THE EXISTENCE OF CHRONIC AND SUBSTANTIAL PAIN ARE EXAMPLES OF, INDICATING THAT A PRISONER WAS IN SERIOUS NEED FOR MEDICAL TREATMENT. AS DESCRIBED IN PLAINTIFF PARAGRAPHS 4 - 11.

## VI. LEGAL CLAIMS
### FIRST CAUSE OF ACTION
(DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS)

12. PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE THE ALLEGATIONS CONTAINED IN ALL PREVIOUS PARAGRAPHS.

13. DEFENDANT HAS VIOLATED PLAINTIFF'S 8TH AMENDMENT RIGHTS BY HER DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS WHEN SHE KNEW OF AND CONSCIOUSLY DISREGARDED EXERCISE RISK TO PLAINTIFF'S HEALTH OR SAFETY.

14. PLAINTIFF HAS NO PAIN, ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF HAS BEEN AND WILL CONTINUE TO BE IRREPARABLY INJURY BY THE CONDUCT OF DEFENDANT UNLESS THE COURT GRANTS THE DECLARATORY AND INJUNCTIVE RELIEF WHICH PLAINTIFF SEEKS.

PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS FOR THE FOLLOWING RELIEF:
1. A DECLARATORY JUDGEMENT THAT THE DEFENDANTS ACTS AND PRACTICES DESCRIBED HEREIN DID VIOLATE PLAINTIFF'S RIGHTS AS HEREIN STATED.
2. A PRELIMINARY AND PERMANENT INJUNCTION WHICH PROHIBITS AND REQUIRES THAT DEFENDANT, THEIR AGENTS EMPLOYEES AND SUCCESSORS: (i) CEASE HARASSMENT, RETALIATION AND REPRISALS FOR PLAINTIFF'S COURT LITIGATION (ii) PLAINTIFF REQUESTS THAT HE BE SEEN IN THE FUTURE BY A DOCTOR INSTEAD OF A NURSE PRACTITIONER.
3. THUS REQUIRE DEFENDANT NURSE PRACTITIONER SUE RISENHOOVER PAY THE SUM OF $10,000 COMPENSATORY DAMAGES AND 25,000 IN PUNITIVE DAMAGES FOR HER DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS — SERIOUS MEDICAL NEEDS THAT WERE SO OBVIOUS THAT EVEN A LAY PERSON WOULD DISCERN THE PROMPT NEED FOR A DOCTOR ATTENTION AND YET SHE CONSCIOUSLY DISREGARDED EXCESSIVE RISK TO PLAINTIFF'S HEALTH OR SAFETY.
4. PLAINTIFF'S COST OF SUIT
5. FOR COSTS AND REASONABLE ATTORNEY'S FEE PURSUANT TO 42 USC 1. 1983
6. TRIAL BY JURY
7. FOR FURTHER RELIEF THAT THE COURT DEEMS PROPER.

DATED 4/12/08

RESPECTFULLY SUBMITTED

/S/ _Shamburger_
HAROLD SHAMBURGER
PRO SE PLAINTIFF

Mr. Harold Shamburger D-16530
PBSP D-2211
P.O. Box 7500
Crescent City, Ca. 95532